IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

```
                            :
UNITED STATES OF AMERICA    :     HON. JEROME B. SIMANDLE
                            :
         v.                 :     Criminal No.  10-730 (JBS)
                            :
GEORGE J. DILWORTH,         :
                            :
              Defendant.    :        OPINION
                            :
                            :
                            :
                            :
```

APPEARANCES:

PAUL J. FISHMAN,
United States Attorney
     By:  Jason M. Richardson, AUSA
401 Market Street
P.O. Box 1427
Camden, NJ  08101
     Attorney for the United States

Patrick A. Mullin, Esquire
THE LAW OFFICES OF PATRICK A. MULLIN
Suite 1400
One Parker Plaza
400 Kelby Street
Fort Lee, NJ  07024
     Attorney for Defendant

**SIMANDLE,** District Judge:

I.  **INTRODUCTION**

    This matter is before the Court on Defendant's omnibus
motion seeking to dismiss the indictment, suppress evidence and
compel production of discovery.[1]  [Docket Item 10.]  The court
heard oral argument on August 2, 2011.  For the reasons discussed

---

    [1] The Court addressed all discovery-related matters in a
separate Order filed December 12, 2011 [Docket Item 19.]

below, the court will grant in part and deny in part defendant's motion.

## II.   BACKGROUND

Defendant George Dilworth is presently indicted on three separate charges.  Count I of the Indictment charges the defendant with conspiracy to evade taxes in violation of 18 U.S.C. § 371.  Specifically, Count I alleges defendant, along with co-conspirators Luciano Di Salvatore, Michael Schaffer and Anthony Sentore, conspired to conceal taxable income from the IRS by false and fraudulently characterizing as "loans" payments from defendant and Di Salvatore to Sentore and Schaffer for Sentore and Schaffer's business interest in Municipal Code Inspections, Inc. (hereinafter "MCI"), which constituted taxable income to Sentore and Schaffer.

Count II and III of the Indictment charge the defendant with making false statements in violation of 18 U.S.C. § 1001.  Count II of the Indictment alleges defendant falsely claimed that the payments to co-conspirators Anthony Sentore and Michael Schaffer were loans from MCI and produced a false and fraudulent loan agreement between MCI and Michael Schaffer on November 30, 2006. Count III of the Indictment alleges defendant falsely claimed that the payments to co-conspirators Anthony Sentore and Michael

Schaffer were loans from MCI on March 7, 2009.[2]

The Defendant moves to dismiss Count I and Count II of the indictment as unconstitutionally duplicitous and Counts II and III as unconstitutionally multiplicitous.  In addition, the Defendant moves to suppress evidence gathered during the IRS' November 30, 2006 interview of the Defendant as the product of an unconstitutional search.

## III.  DISCUSSION

### A.  MOTION TO DISMISS THE INDICTMENT

The Defendant challenges Counts I and II of the Indictment. The Defendant argues that Count I is unconstitutionally duplicitous because it charges two offenses of conspiracy in one count.  Similarly, the Defendant argues that Count II is unconstitutionally duplicitous because it charges two separate offenses, specifically that Defendant made a false statement and the Defendant falsely produced a document, in one count.

In addition the Defendant moves to dismiss Counts II and III of the Indictment and argues these counts are unconstitutionally multiplicitous.  The Defendant maintains that Count II alleges a false statement by the Defendant and Count III alleges a repetition of that same false statement by the Defendant.

---

[2] Count III of the Indictment has a typo as to the date. According to the government, it is supposed to be March 9, 2007 but reads March 7, 2009.  The Court addressed this discrepancy at the hearing and in the Order of December 12, 2011.

Consequently, the Defendant argues that Counts II and III charge the Defendant with the same offense twice.

The Court will address each of these arguments below.

### 1. Count I is not unconstitutionally duplicitous

Count I is not unconstitutionally duplicitous because it properly charges the defendant with one conspiracy.  The Third Circuit has articulated a three part test to determine if a series of events constitutes a single conspiracy or separate and unrelated conspiracies.  First, the court must determine if the Indictment alleges a common goal among the conspirators.  Second, the court must examine the nature of the scheme charged to determine "whether the agreement contemplated bringing to pass a continuous result that will not continue without the continuous cooperation of the conspirators."  United States v. Kelley, 892 F.2d 255, 259 (3d Cir. 1989)(internal citations omitted).  Finally, the court must analyze the extent to which the participants overlap in the various dealings.  Id.

In this case, the Indictment alleges the Defendant and Di Salvatore agreed to pay $150,000 to Sentore for his interest in MCI and that such payment would falsely be structured as a loan to Sentore.  Defendant and Di Salvatore then issued a check in May of 2003 for $150,000 to Sentore and his wife and Sentore subsequently failed to account for the $150,000 payment on his federal income tax return.  In 2004, the Indictment alleges a

4

similar transaction with the Defendant, Di Salvatore and Schaffer, where Defendant and Di Salvatore agreed to pay Schaffer $165,000 for his interest in MCI and that this money would falsely be structured as a loan to Schaffer.  Defendant and Di Salvatore then issued Schaffer a check for $165,000 and Schaffer failed to account for this $165,000 payment on his federal income tax return.

The Indictment alleges the object of the conspiracy was to conceal taxable income from the IRS by falsely and fraudulently characterizing as "loans" payments from defendant and Di Salvatore to co-conspirators Sentore and Schaffer for Sentore and Schaffer's business interest in MCI, which constituted taxable income to Sentore and Schaffer.  The conspiracy's object was equally served by each of the transactions, and the manner and means of achieving the object was the same for each transaction, all within the charged conspiracy.

These allegations in the Indictment satisfy the test articulated in *Kelly* and charge the defendant with one conspiracy.  Therefore, Count I of the Indictment is not unconstitutionally duplicitous.  Since the court has determined that Count I alleges one conspiracy, the Defendant's argument that the allegations involving the $150,000 payment to Sentore are barred by the statute of limitations is moot, since the conspiracy continued to a time period within six years of the

filing of the Indictment.

### 2. Count II is unconstitutionally duplicitous

Count II of the Indictment is unconstitutionally duplicitous.  This Count alleges the defendant violated 18 U.S.C. § 1001 because he "[f]alsely claimed that the payments to co-conspirators Anthony Sentore and Michael Schaffer were loans from MCI _and_ produced a false and fraudulent loan agreement between MCI and Michael Schaffer." (Docket Item 1 at 6 ¶ 2)(emphasis added).

An indictment may not join two or more distinct offenses in a single count.  United States v. Starks, 515 F.2d 112, 116 (3d Cir. 1975).  The reasons for the prohibition against duplicitous indictments include:

> (1) avoiding the uncertainty of whether a general verdict of guilty conceals a finding of guilty as to one crime and a finding of not guilty as to another; (2) avoiding the risk that the jurors may not have been unanimous as to any one of the crimes charged; (3) assuring the defendant adequate notice; (4) providing the basis for appropriate sentencing; and (5) protecting against double jeopardy in a subsequent prosecution.

United States v. Fernandez, 389 Fed. Appx. 194, 198-99 (3d Cir. 2010).  However, duplicitous pleading is not presumptively invalid "if those acts could be characterized as part of a single continuing scheme."  Id. at 199 (citing United States v. Olmeda, 461 F.3d 271, 281 (2d Cir. 2006)).

In this case, a false statement and production of a false document are two separate offenses under 18 U.S.C. § 1001.  The

government urges the court to treat Count II of the indictment like a perjury case in which one count can allege multiple statements demonstrating the same falsehood without being duplicitous.  Id. at 199 (citing United States v. Clarridge, 811 F. Supp. 697, 705 (D.D.C. 1992) and United States v. Berardi, 629 F.2d 723, 729 (2d Cir. 1980)).  However, this case is distinct from a perjury case, "where the same falsehood could be repeated in several ways" and "charging each statement separately could lead to a multiplicity challenge."  Id.

Here, there is no danger of a multiplicity challenge because the charged conduct - a false statement and production of a false document - are two separate actions and not merely a repetition of the same falsehood.  Rather, these are two distinct violations of 18 U.S.C. § 1001.  As these are two distinct violations, Count II of the Indictment poses the danger that the jury may not reach a unanimous verdict and creates uncertainty as to whether a guilty verdict conceals a finding of guilty as to one crime and a finding of not guilty as to the other.  Therefore, Count II of the Indictment is unconstitutionally duplicitous.

"If a court finds that an indictment is duplicitous it must take one of two courses of action; it must either dismiss the duplicitous count in the indictment, or require the government to make an election to select and charge one, but not all, of the offenses embraced in the duplicitous count."  United States v.

Hinton, 127 F. Supp. 2d 548 (D.N.J. 2000)(citing Starks, 515 F.2d at 117).  In this case, the court will require to the government to elect which charge of the duplicitous count to pursue.  Within Count II, the Government shall indicate whether it proceeds as to the false statement or the production of a false document as the basis of the alleged violation of 18 U.S.C. § 1001, within fourteen (14) days of entry of the accompanying Order.

### 3. Counts II and III are not multiplicitous

Counts II and III are not unconstitutionally multiplicitous. An Indictment is unconstitutionally multiplicitous when it "charges the same offense in two or more counts and may lead to multiple sentences for a single violation."  United States v. Pollen, 978 F.2d 78, 83 (3d Cir. 1992).

As discussed above, Count II of the Indictment alleges that on November 30, 2006, the defendant"[f]alsely claimed that the payments to co-conspirators Anthony Sentore and Michael Schaffer were loans from MCI and produced a false and fraudulent loan agreement between MCI and Michael Schaffer." (Docket Item 1 at 6 ¶ 2).  Count III alleges that on March 7, 2009 [there is a typo in the Indictment; the parties argue in their brief that this conduct occurred on March 9, 2007], the defendant "[f]alsely claimed that the payments to co-conspirators Anthony Sentore and Michael Schaffer were loans from MCI."  (Docket Item 1 at 6 ¶ 2.)

Here, Counts II and III both allege that the defendant

falsely claimed that the payments to Sentore and Schaffer were loans from MCI. However, these statements were made at different times, first in November 2006 and again in what we assume is March, 2007. In addition, these statements were made during different proceedings with the IRS. The 2006 statement was allegedly made during a civil audit to a Revenue Agent. The 2007 statement was allegedly made during a criminal investigation to IRS-CI Special Agents. This requires the government to prove different facts for each count since the statements were made to different people at different times in different contexts.

Therefore, Counts II and III do not charge the same offense and are not unconstitutionally multiplicitous.

### B.  MOTION TO SUPPRESS

The defendant next moves to suppress evidence gathered as a direct or indirect result of the IRS' November 30, 2006 interview of the defendant as the product of an unconstitutional search. The defendant argues that the IRS Revenue Agents had firm indications of fraud prior to the November 30, 2006 and did not refer this case to the Criminal Investigation Division (hereinafter "CID"). Instead, the IRS Revenue Agent conducted a civil audit interview on November 30, 2006 and did not inform the defendant at the time of the interview that there were indications of criminal fraud. Consequently, the defendant argues that this interview exceeded the scope of any consent

given by the defendant and constituted an unreasonable search in violation of the Fourth Amendment.

"A consent search is unreasonable under the Fourth Amendment if the consent was induced by the deceit, trickery or misrepresentation of the Internal Revenue Agent." United States v. Tweel, 550 F.2d 297, 299 (5th Cir. 1977).  However, "the mere failure of a revenue agent (be he regular or special) to warn the taxpayer that the investigation may result in criminal charges, absent any acts by the agent which materially misrepresent the nature of the inquiry, do not constitute fraud, deceit and trickery." Id.  Importantly, "the record must disclose some affirmative misrepresentation to establish the existence of fraud, and the showing must be clear and convincing." Id.

In this case, there is no evidence of deception on the part of the IRS agents during the November 30, 2006 interview.  The Revenue Agent did not tell the defendant the meeting was strictly civil or affirmatively misrepresent the purpose of the meeting. The Revenue Agent told the defendant the purpose of the meeting was to gather information on how MCI worked as a corporation. Questions about the defendant's ownership interest in MCI were properly within the scope of this meeting.

In addition, after this meeting, the case was referred to the CID for a criminal investigation.  Unlike United States v. Toussaint, 456 F. Supp. 1069 (S.D. Tex. 1978), where the Revenue

10

Agent continued to work on a case for six months after his initial interview provided the Revenue Agent with firm indications of fraud, here the Revenue Agent referred this case to CID within approximately 2 weeks after his November 30, 2006 interview with the defendant.

Finally, there is no indication in this record that the CID was involved in the investigation of the case prior to the referral after the November 30, 2006 interview.  Similar to Peters, there is no evidence that "the agents were in fact conducting a criminal investigation under the auspices of a civil audit."  United States v. Peters, 153 F.3d 445, 451 (7th Cir. 1998)(upholding district court's denial of suppression motion because there was no evidence the IRS agents made an affirmative misrepresentation to the defendant regarding the nature of their investigation).

The mere failure of the Revenue Agent to give the defendant notice that the November 30, 2006 investigation may result in criminal charges does not by itself constitute fraud, deceit and trickery.  See United States v. Tweel, 550 F.2d at 299. Therefore, the November 30, 2006 interview was not an unconstitutional search and suppression is not warranted.

IV.  **CONCLUSION**

For the reasons discussed above, the defendant's pretrial motions will be granted in part and denied in part.  The

11

defendant's motion to dismiss Count I as duplicitous will be denied because the indictment alleges a single conspiracy.  The Defendant's motion regarding Count II of the Indictment as duplicitous is granted and the government must elect which charge it will pursue within Count II within fourteen (14) days of the entry of this Order.  The Defendant's motion to dismiss Counts II and III of the Indictment as multiplicitous is denied as these counts do not involve the same offense.  The Defendant's motion to suppress is denied as the November 30, 2006 interview was not an unconstitutional search.

The accompanying Order will be entered.


**December 12, 2011**        **s/ Jerome B. Simandle**
Date                         JEROME B. SIMANDLE
                             United States District Judge