```
                IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| UNITED STATES OF AMERICA | HON. JEROME B. SIMANDLE |
| v. | Criminal No. 10-730 (JBS) |
| GEORGE J. DILWORTH, | **OPINION** |
| Defendant. | |

APPEARANCES:

PAUL J. FISHMAN,
United States Attorney
     By:  Jason M. Richardson, AUSA
401 Market Street
P.O. Box 1427
Camden, NJ  08101
     Attorney for the United States

Patrick A. Mullin, Esquire
THE LAW OFFICES OF PATRICK A. MULLIN
Suite 1400
One Parker Plaza
400 Kelby Street
Fort Lee, NJ  07024
     Attorney for Defendant

**SIMANDLE**, Chief Judge:

## I.  INTRODUCTION

This matter is before the Court on the defendant's second pretrial omnibus motion. [Docket Item 42.]  Oral argument was held on Friday April 13, 2012.

Following the suppression hearing on February 22 and 29, 2012, the defendant filed the instant motion in response to Revenue Agent Phillips' testimony.  Specifically, the defendant

argues that Phillips' failure to inform the defendant or his supervisor about the defendant's power of attorney's lack of CPA license constituted outrageous government misconduct which warrants the dismissal of the indictment. In addition, the defendant also brings a motion in limine to exclude evidence of L. Jay, Inc.'s civil tax audit and evidence of any alleged bribe attempted by the defendant.

The government filed opposition to the instant motion and argues that Revenue Agent Phillips' conduct does not rise to the level of outrageous government misconduct sufficient to dismiss the indictment. At oral argument, the government and defendant expressed an ability to stipulate to the exclusion of certain L. Jay, Inc. evidence and the government represented that it did not intend on introducing any evidence of an alleged bribe by the defendant. Therefore, the court will not address these aspects of the defendant's motion and will instead focus on whether Revenue Agent Phillips' conduct warrants the dismissal of the indictment.

For the reasons discussed herein, the court will deny the defendant's motion to dismiss.

## II.  BACKGROUND

The facts underlying this action are outlined in the court's opinion of April 20, 2012 and are incorporated herein. The instant motion arises out of Agent Phillips' conduct in not

disclosing to the defendant Phillips' discovery that his power of attorney, Victor Fabietti, lacked an active CPA license.

Sometime after the civil audit was commenced against the defendant in June 2006, Revenue Agent Phillips ("Phillips") discovered that Victor A. Fabietti, Jr. ("Fabietti"), who was the defendant's representative to the IRS during the audit as his power of attorney, was not a certified public accountant despite his contrary representation to the IRS.  Phillips confronted Fabietti with the knowledge of Fabietti's lack of CPA status and Fabietti explained to Phillips that certain continuing professional education credits were not applied properly in order to renew his license.  Fabietti further told Phillips that he had been in contact with the New Jersey Professional License Board to resolve the discrepancy.

Phillips did not pursue Fabietti's credentials further and did not note his discussion with Fabietti on his activity log for defendant's audit or his activity log of MCI's audit.[1]  Phillips did not disclose his discussion with Fabietti or his discovery of Fabietti's lapsed CPA license to the defendant.  Phillips also continued to work with Fabietti as the defendant's representative in the civil audit of the defendant and MCI.

---

[1] Phillips did note his conversation with Fabietti in the activity log of another audit in a related case. [Docket Items 39 and 40.]

**III. DISCUSSION**

    **A. Standard of Review**

The due process clause of the Fifth Amendment is violated when law enforcement officers engage in outrageous misconduct in detecting and obtaining incriminating evidence. Rochin v. California, 342 U.S. 165 (1952). In order to rise to the level of outrageous misconduct, the government must engage in conduct the shocks the conscience, "violating that fundamental fairness shocking to the universal sense of justice." United States v. Russell, 411 U.S. 423, 432 (1973). When government misconduct is found to violate the Fifth Amendment, the indictment must be dismissed because the government conduct is deemed to render "the prosecution of the defendant fundamentally unfair." United States v. Lakhani, 480 F.3d 171, 181 (3d Cir. 2007).

The defense of outrageous government conduct is often invoked by defendants but is rarely applied by the courts. United States v. Voigt, 89 F.3d 1050, 1065 (3d Cir. 1996). This is because government "overinvolvement in crime would have to reach a demonstrable level of outrageousness before it could bar conviction." Id. As a result, courts are "extremely hesitant to find law enforcement conduct so offensive that it violates the Due Process Clause" and must exercise restraint when subjecting government conduct to judicial review. Id. at 1065-66.

In this case, the conduct of Revenue Agent Phillips falls

4

short of rendering the prosecution of the defendant unfair, let alone shocking to the conscience and therefore dismissal of the indictment for government misconduct is inappropriate.

As a preliminary matter, the court notes that the government played no role in creating the criminality that arose from Agent Phillips' civil audit. The defendant is indicted for allegedly making a false statement to Phillips during the November 30, 2006 interview. Phillips was conducting a civil audit and set up the meeting with the defendant pursuant to IRS procedure.[2] There is no evidence that Phillips encouraged the defendant to lie or suggested to the defendant to make the allegedly false statement that the transactions at issue were loans.

The defendant argues that Phillips continued to regard Fabietti as the defendant's power of attorney despite Phillips' knowledge that Fabietti lacked a CPA license and this conduct shocks the conscience in such a way that conviction of the defendant would be fundamentally unfair. The defendant maintains that Phillips used Fabietti to set up the November 30, 2006 meeting; allowed Fabietti to attend the November 30, 2006 meeting with the defendant; provided information to Fabietti about the defendant after the November 30, 2006 meeting; and that Fabietti in essence provided the basis for the criminal referral of the

---

[2] A meeting with the taxpayer is recommended to determine whether a credible explanation exists to explain any discrepancies in a taxpayer's filed tax returns.

defendant's case.

The court finds this behavior does not rise to the level of outrageous government misconduct. First, a CPA license is not required to represent a taxpayer during a civil audit as a power of attorney. In addition to a CPA, a taxpayer may be represented by the preparer of the tax return being examined. (Govt's Ex. 1, IRS Publication 947.) In this case, it is undisputed that Fabietti was the preparer of the defendant's tax returns which were being examined by Phillips. Therefore, despite his lapsed CPA license, Fabietti was still qualified to represent the defendant during his civil audit.

Second, there is no evidence in the record that Phillips knew that Fabietti had lied about lacking the required continuing professional education credits to maintain his CPA license. When confronted by Phillips about his lack of CPA license, Fabietti informed Phillips that his lapsed license was due to the misapplication of certain continuing professional education credits by the New Jersey Professional License Board and that he was looking into the matter presently. This is a reasonable and probable explanation for a lapse of license. There is no evidence that Phillips knew before November 30, 2006 that Fabietti was lying about needing continuing professional education credits and it is likely that Phillips was convinced that Fabietti's lapsed license was a technical problem and in the

6

process of being remedied.  Accordingly, Phillips' failure to inform the defendant about Fabietti's CPA license is not government deception or misconduct, but more likely the result of Phillips being taken in by Fabietti's fraud.

    Finally, at the time of Revenue Agent Phillips' involvement, the defendant's audit was civil in nature and had not been referred to the criminal division.  In addition, the defendant himself designated Fabietti as his power of attorney pursuant to IRS procedure.  While the defendant's affidavit indicates he relied on Fabietti's status as a CPA in appointing him as power of attorney, it was the defendant's choice to designate Fabietti as the preparer of his tax returns and representative during the civil audit, and neither function required a CPA credential.  The defendant also voluntarily chose to make an allegedly false statement about the two questionable transactions during his meeting with Phillips.  The government had no involvement in these words and deeds of the defendant.  Further, the defendant has pointed to no authority which obligates a revenue agent in Phillips' position to inform a taxpayer about his power of attorney's lapsed CPA license when the power of attorney offers a reasonable explanation for the lapse and is otherwise qualified to serve as a power of attorney because he is the preparer of the tax returns under examination.

    The conclusion that Phillips' conduct does not rise to the

level of outrageous government misconduct is further supported by relevant Third Circuit precedent where the Court of Appeals found the government's conduct was not outrageous. See <u>Lakhani</u>, 480 F.3d at 182 (holding no government misconduct when government agent initiated an illicit arms deal and the government was involved in the deal as both buyer and seller of the arms when the defendant's own words, deeds and participation in the deal were voluntary); <u>United States v. Nolan-Cooper</u>, 155 F.3d 221, 235 (3d Cir. 1998)(finding no government misconduct when government agent began sexual affair with target of investigation because that "something more" was not present); <u>Voigt</u>, 89 F.3d at 1061 (holding no government misconduct when government used defendant's attorney as an informant in part because government was not aware of attorney-client relationship). In the present case the government didn't inject Fabietti into the preparation of the returns at issue nor in the representation of Dilworth before the IRS. Dilworth did.

    Therefore, the court finds that Agent Phillips' conduct does not amount to outrageous government conduct and the defendant's motion to dismiss will be denied.

    The defendant also argues the court should dismiss the indictment under this court's supervisory power based on governmental misconduct. The defendant relies on <u>Government of the Virgin Islands v. Fahie</u>, 419 F.3d 249 (3d Cir. 2005).

"[W]here a defendant can show both willful misconduct by the government, and prejudice, dismissal may be proper." Id. at 255. Here, as discussed above, the defendant has shown no willful misconduct by the government. Therefore, the defendant's alternative argument for dismissal is without merit.

Accordingly, the defendant's motion to dismiss will be denied.

## IV. CONCLUSION

The defendant's motion to dismiss the indictment will be denied as the defendant has failed to establish outrageous government conduct. The accompanying Order will be entered.


**April 23, 2012**        **s/ Jerome B. Simandle**
Date       JEROME B. SIMANDLE
      Chief U.S. District Judge